UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JANE DOE 4 and JANE DOE 8, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>SCOTTIE MAPLES, in his official capacity )<br>as Sheriff of Clark County; Jail Officer DAVID )<br>LOWE, individually; Sergeant MARK MEYER, )<br>individually; Corporal DAKOTA BROWN, )<br>individually; Jail Officer CALEB BOGER, )<br>individually; Jail Officer KASSIDY )<br>MAY-WILSON, individually; Jail Officer )<br>JESSE MCCUTCHEON, individually; and )<br>Jail Officer AUSTIN PHILLIPS, individually, )<br>)<br>Defendants. ) | CAUSE NO.: 4:23-cv-34 |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Come now Plaintiffs, JANE DOE 4 and JANE DOE 8, by counsel, Stephen M. Wagner and Laura M. Swafford of WAGNER REESE, LLP, and for their cause of action against the Defendants, SCOTTIE MAPLES, in his official capacity as Sheriff of Clark County (also referred to herein as "the CLARK COUNTY SHERIFF"), Jail Officer DAVID LOWE, individually (hereinafter "LOWE"), Sergeant MARK MEYER, individually (hereinafter "MEYER"), Corporal DAKOTA BROWN, individually (hereinafter "BROWN"), Jail Officer CALEB BOGER, individually (hereinafter "BOGER"), Jail Officer KASSIDY MAY-WILSON, individually (hereinafter "MAY-WILSON"),  Jail Officer JESSE MCCUTCHEON, individually (hereinafter "MCCUTCHEON"),  and Jail Officer AUSTIN PHILLIPS, individually (hereinafter "PHILLIPS"), allege and state as follows:

1

**BACKGROUND**

1.      This federal civil rights action arises from a night of terror at the Clark County Jail located at 501 East Court Avenue, #159, Jeffersonville, Indiana (hereinafter "the Jail"). On October 23, 2021, former Clark County Jail Officer LOWE allowed two male detainees access to keys to the interior areas of the Jail in exchange for a payment of $1,000.00. These keys allowed the male detainees, and other male detainees, access to numerous restricted areas in the Jail, including Pods 4(E) and 4(F) that housed women. On the night of October 23, and into the early morning hours of October 24, 2021, numerous male detainees used the keys obtained from LOWE to enter Pods 4(E) and 4(F) where they raped, assaulted, harassed, threatened, and intimidated the Plaintiffs in this lawsuit, and other women, for several hours, resulting in significant physical and emotional injuries. Amazingly, even though there were surveillance cameras positioned in locations that showed the male detainees accessing the women's Pods, and even though the incident involved multiple male detainees and dozens of victims over an extended period of time, not a single jail officer on duty that night came to the aid of the Plaintiffs and the other victims.

2.      Rather than support the victims who were subject to sexual assault and abuse, Jail officials punished the women after the incident by (1) revoking their "dark privileges" and leaving the lights on for 72 straight hours, (2) placing the women on "lockdown" whereby they were restricted to their pods and denied normal privileges, and (3) confiscating authorized personal property from the women such as pillows, blankets and personal hygiene items without any legitimate security reason.

3.      The violation of the Plaintiffs' constitutional rights was the result not only of a single bad actor, LOWE, but also due to a systemic failure on behalf of the CLARK COUNTY SHERIFF who failed to properly staff the Jail, train the Jail officers, and supervise the Jail officers to make sure

they maintained adequate security at the Jail. These systemic failures allowed numerous male assailants to have free run of the Jail for several hours, resulting in a night of terror for the Plaintiffs and other victims.

## JURISDICTION AND VENUE

4. This is a civil rights action brought for violations of the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States of America made actionable under 42 U.S.C. § 1983.

5. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 as well as 42 U.S.C. §§ 1983 and 1988. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## PARTIES

7. At all relevant times, Plaintiff, JANE DOE 4, was a citizen of the United States of America, State of Indiana, City of Salem, County of Washington, and was a pre-trial detainee at the Jail.

8. At all relevant times, Plaintiff, JANE DOE 8, was a citizen of the United States of America, State of Indiana, City of Jeffersonville, County of Clark, and was a pre-trial detainee at the Jail.

9. Defendant, MAPLES, is the current Sheriff of Clark County, Indiana, and acts under color of state law. Defendant MAPLES and his predecessor at the time of the events described herein, former Sheriff Jamey Noel, are and were at all relevant times in charge of overseeing the operation of the Jail, including adequately staffing the Jail with properly trained jail officers so as to maintain the safety and well-being of the individuals housed at the Jail.

10. Defendant MAPLES is sued in his official capacity, only, to answer to the liability of the CLARK COUNTY SHERIFF.

11. At all relevant times herein, the CLARK COUNTY SHERIFF was responsible for enforcing the rules and regulations of the Clark County Sheriff's Department and for ensuring LOWE, MEYER, BROWN, BOGER, MAY-WILSON, MCCUTCHEON, and PHILLIPS (collectively "Defendant Jail Officers") obeyed the laws of the State of Indiana and the United States of America.

12. At all relevant times herein, the Defendant Jail Officers were employed by the Clark County Sheriff's Department and were assigned to work at the Jail. The Defendant Jail Officers were acting under color of state law and within the scope of their authority and employment, and as agents of Clark County Sheriff's Department. They are sued in their individual capacities.

## BACKGROUND

13. At all relevant times herein, all the Plaintiffs were detained in the Jail and were under the care, custody and control of the Defendants.

14. At all relevant times herein, the Jail had multiple Pods within the facility where detainees were housed. Pod 4 included Pods 4(A), 4(B), 4(C), 4(D), 4(E), and 4(F). The Pods were internally connected to each other, in that Pod 4(A) was connected to 4(B), 4(B) was connected to 4(C), 4(C) to 4(D), 4(D) to 4(E), and 4(E) to 4(F).

15. On October 23-24, 2021, Pods 4(A), 4(B) and 4(C) housed men.

16. On October 23-24, 2021, Pods 4(D), 4(E) and 4(F) housed women.

17. On October 23-24, 2021, JANE DOE 4 and JANE DOE 8 were all in Pod 4(E).

18. On October 23, 2021, Defendant LOWE allowed two male detainees access to keys to the interior areas of the Jail in exchange for a payment of $1,000.00. These keys allowed the two

male detainees, and other male detainees, access to numerous restricted areas in the Jail, including Pod 4(E) where the Plaintiffs were housed.

19. For more than two hours in the late evening of October 23, 2021 and into the early morning hours of October 24, 2021, numerous male detainees, using the keys obtained from LOWE, entered Pods 4(D), 4(E), and 4(F) where the women were housed.

20. The men, who covered their faces so they could not be identified, were yelling and threatening to harm the women if they called for help or pressed the emergency call button.

21. The men repeatedly threatened to sexually assault the women. Specifically, the men were yelling, "Where's the pussy at?" and "I haven't had pussy in two years!"

22. The women in Pods 4(D), 4(E), and 4(F), including the Plaintiffs herein, were terrified and fearful for their lives. They tried to hide under blankets, in the bathroom, or in dark corners of the Pods.

23. Some of the men proceeded to sexually assault the women, groping them and exposing their genitals to the women.

24. At least two women were raped.

25. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E) and fondled, assaulted, harassed, and intimidated JANE DOE 4, resulting in significant physical and emotional injuries. Specifically, one male detainee entered Pod 4(E) and came over to JANE DOE 4, who was in the bathroom. The detainee fondled her breasts and inner thighs. JANE DOE 4 ran from this assailant but continued to be harassed and intimidated by other male detainees.

26. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E)

and yelled, harassed, intimidated, and threatened JANE DOE 8, resulting in significant emotional distress. At that time, one male detainee came over to JANE DOE 8, who was trying to hide in her bunk. The detainee harassed, intimidated, and threatened to sexually assault her.

27. On or about October 23-24, 2021, the Jail had security cameras in Pod 4 that recorded and provided live stream video and audio to the Defendant Jail Officers to allow them to monitor the male and female detainees housed throughout Pod 4.

28. On or about October 23-24, 2021, the Defendant Jail Officers were in charge of monitoring the cameras in Pod 4.

29. On or about October 23-24, 2021, the Defendant Jail Officers watched on the Pod 4 camera feeds as the male detainees used the keys to enter Pods 4(D), 4(E), and 4(F) and rape, fondle, assault, harass, threaten, and intimidate the Plaintiffs over a two (2) hour time period. Despite watching this footage showing numerous detainees in unauthorized areas of the Jail, the Defendant Jail Officers did nothing to stop the assaults on the Plaintiffs.

30. On or about October 23-24, 2021, the Defendant Jail Officers had a duty to patrol the Jail to ensure that security was maintained throughout the facility.

31. On or about October 23-24, 2021, the Defendant Jail Officers had a duty to patrol the Jail to ensure that male detainees did not enter unauthorized areas of the Jail, including the female pods.

32. On or about October 23-24, 2021, the Defendant Jail Officers had a duty to protect detainees at the Jail, including Plaintiffs, from being assaulted by other inmates.

33. On or about October 23-24, 2021, the Defendant Jail Officers completely abandoned their duties and failed to patrol the Jail, allowing numerous mail inmates to enter the female pods

and harass, intimidate, and sexually assault numerous female detainees, including the Plaintiffs herein.

34. At some point during the late evening hours of October 23, 2021, or the early morning hours of October 24, 2021, the Defendant Jail Officers became aware that male detainees had entered the female pods but failed to do anything about it, instead allowing the male detainees to continue harassing, intimidating, and sexually assaulting numerous female detainees, including the Plaintiffs herein.

35. Rather than support the victims who were subject to sexual assault and abuse, including the Plaintiffs herein, the Defendant Jail Officers punished the women after the incident by (1) revoking their "dark privileges" and leaving the lights on for 72 straight hours, (2) placing the women on "lockdown" whereby they were restricted to their pods and denied normal privileges, and (3) confiscating authorized personal property from the women such as pillows, blankets and personal hygiene items without any legitimate security reason.

36. In the days following these assaults, the missing keys remained missing, and the Jail never changed the locks. As a result, the Plaintiffs continued to fear male detainees would return in the night to assault, intimate, harass, and rape them.

37. On October 25, 2021, Defendant LOWE was charged with one count of Felony Aiding, Inducing, or Causing Escape, one count of Felony Official Misconduct, and one count of Misdemeanor Trafficking with an Inmate for allowing the male detainees access to the keys in exchange for $1,000.

## CLAIMS FOR RELIEF

### Count I – 42 U.S.C. § 1983 Claim for Deliberate Indifference
### Against Defendant, DAVID LOWE

38. Plaintiffs hereby incorporate by reference paragraphs 1 through 37 of their Complaint for Damages and Jury Demand as if fully set forth herein.

39. During the Plaintiffs' detention in the Jail, Defendant, LOWE, had a duty to protect the Plaintiffs from harmful assaults inflicted by other detainees.

40. During the Plaintiffs' detention in the Jail, Defendant, LOWE, was deliberately indifferent to the substantial risk of the Plaintiffs being sexually assaulted, which demonstrates a total lack of regard for the Plaintiffs' right to be free from unnecessary and unlawful bodily harm.

41. Defendant, LOWE, not only provided the male detainees with access to keys to the Jail, he was also on duty when the assaults described herein occurred.

42. Defendant, LOWE, knew that the assaults on Plaintiffs were occurring but did nothing to prevent said assaults.

43. The acts and omissions of Defendant, LOWE, as described herein were done willfully, wantonly, and maliciously, and with such reckless disregard of the consequences as to reveal a conscious and deliberate indifference to the substantial risk of the Plaintiffs being sexually assaulted, which resulted in their injuries and damages.

44. Defendant, LOWE, is responsible for Plaintiffs' injuries and emotional distress as a result of his intentional, willful, wanton, and reckless acts and omissions, including but not limited to his failure to monitor, protect, and provide for the safety of the Plaintiffs while they were detained.

45. As a direct and proximate result of the aforementioned conduct of Defendant, LOWE, Plaintiffs were deprived of the rights, privileges, and immunities secured to them under the Constitution and laws of the United States of America, including their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate result of the wrongful acts and omissions of Defendant, LOWE, as described herein, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

### Count II – 42 U.S.C. § 1983 Claim for Deliberate Indifference
### Against the Defendant Jail Officers

47. Plaintiffs hereby incorporate by reference paragraphs 1 through 46 of their Complaint for Damages and Jury Demand as if fully set forth herein.

48. During the Plaintiffs' detention in the Jail, the Defendant Jail Officers had a duty to protect the Plaintiffs from harmful assaults inflicted by other inmates.

49. During the Plaintiffs' detention in the Jail, the Defendant Jail Officers were deliberately indifferent to the substantial risk of the Plaintiffs being sexually assaulted, which demonstrates a total lack of regard for the Plaintiffs' right to be free from unnecessary and unlawful bodily harm.

50. The Defendant Jail Officers failed to intervene to prevent LOWE and other officers from depriving Plaintiffs of their constitutional rights.

51. Defendants MEYER and BROWN acted in a supervisory capacity over LOWE, and impliedly authorized, approved, and/or knowingly acquiesced in LOWE'S unconstitutional conduct and the unconstitutional conduct of the other Defendant Jail Officers who were not patrolling the Jail and ensuring security was maintained.

52. The Defendant Jail Officers herein became aware that the assaults on Plaintiffs were occurring but did nothing to prevent said assaults.

53. The acts and omissions of the Defendant Jail Officers as described herein, were done willfully, wantonly, and maliciously, and with such reckless disregard of the consequences as to reveal a conscious and deliberate indifference to the substantial risk of the Plaintiffs being sexually assaulted, harassed and intimated, which resulted in Plaintiffs' injuries and damages.

54. As a direct and proximate result of the aforementioned conduct of the Defendant Jail Officers, Plaintiffs were deprived of the rights, privileges, and immunities secured to them under the Constitution and laws of the United States of America, including their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

55. As a direct and proximate result of the wrongful acts and omissions of Defendant Jail Officers as described above, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

### Count III – 42 U.S.C. § 1983 *Monell* Claim Against Defendant, SCOTTIE MAPLES, in his official capacity as Sheriff of Clark County

56. Plaintiffs hereby incorporate by reference paragraphs 1 through 55 of their Complaint for Damages and Jury Demand as if fully set forth herein.

57. Defendant, the CLARK COUNTY SHERIFF, is liable under 42 U.S.C. § 1983 and the United States Constitution for Plaintiffs' injuries as a result of the unconstitutional customs, policies and/or practices at the Jail.

58. The CLARK COUNTY SHERIFF is the policymaker and decision-maker for the Jail. As such, he has oversight responsibility for ensuring that inmates were protected and not subject to abuse.

59. The CLARK COUNTY SHERIFF has a duty to ensure that the treatment of inmates is in compliance with the United States Constitution and Indiana Law.

60. The CLARK COUNTY SHERIFF has the obligation, power, and authority to adopt policies and prescribe rules, regulations and practices for Jail Officers to protect inmates and prevent their abuse.

61. The CLARK COUNTY SHERIFF acted in supervisory capacity over the Defendant Jail Officers who were working at the Jail at the time of incident.

62. The CLARK COUNTY SHERIFF failed to establish, maintain, and enforce proper procedures for the monitoring of inmates at the Jail, either by personal contact or video surveillance.

63. The CLARK COUNTY SHERIFF failed to establish, maintain, and enforce appropriate procedures for Jail officers to intervene when confronted with another officer's misconduct.

64. The risk of constitutional violations was so high and the need for training so obvious that the CLARK COUNTY SHERIFF's failure to act reflected deliberate indifference, allowing an inference of institutional culpability.

65. In fact, the CLARK COUNTY SHERIFF's adopted policies, procedures, practices and/or customs allowed Plaintiffs to be abused.

66. Specifically, there were in effect policies, procedures, practices and/or customs at the Jail of (1) failing to maintain security of all keys to the Jail, (2) failing to ensure the doors between inmate pods remain locked, (3) failing to monitor video surveillance throughout the Jail, and (3) failing to perform adequate patrols of the Jail.

67. The CLARK COUNTY SHERIFF allowed the Defendant Jail Officers to be employed as correction officers without adequate supervision, training, and discipline, which created a likelihood that substantial violations of the constitutional rights of the public, and in particular Plaintiffs, would occur.

68. The CLARK COUNTY SHERIFF failed to train Jail officers, including the Defendant Jail Officers, as to proper procedures to secure and monitor the safety of detainees.

69. Specifically, the CLARK COUNTY SHERIFF failed to train the Jail officers, including the Defendant Jail Officers, to (1) maintain control of Jail keys, (2) maintain security by ensuring the doors between inmate pods remain locked, (3) maintain security by monitoring video surveillance throughout the Jail, and (4) maintain security by performing adequate patrols of the Jail.

70. The CLARK COUNTY SHERIFF also failed to properly train the Defendant Jail Officers as to their obligations to intervene and report other officers' misconduct.

71. The CLARK COUNTY SHERIFF allowed the Defendant Jail Officers to be employed in the manner described above without adequate supervision, which created a substantial likelihood that violations of the constitutional rights of detainees, and in particular Plaintiffs, would occur.

72. The CLARK COUNTY SHERIFF also allowed the Jail to be understaffed, which created a substantial likelihood that violations of the constitutional rights of inmates, and in particular Plaintiffs, would occur.

73. The CLARK COUNTY SHERIFF's failure to create proper policies was objectively unreasonable and demonstrated a conscious or callous indifference to the detainees' rights, and in particular a deliberate indifference to Plaintiffs' constitutional rights.

74. As a direct and proximate result of the aforementioned customs, policies and/or practices at the Jail, Plaintiffs were deprived of the rights, privileges, and immunities secured to them under the Constitution and laws of the United States of America, including their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

75. As a direct and proximate result of the unconstitutional customs, policies and/or practices at the Jail as described above, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

**Count IV – Negligence Claims against Defendants**

76. Plaintiffs hereby incorporate by reference paragraphs 1 through 75 of their Complaint for Damages and Jury Demand as if fully set forth herein.

77. In accordance with Indiana statute, Defendants were timely served with a Notice of Tort Claim on January 17, 2022 by certified mail and/or electronic mail.

78. Pursuant to Indiana statute, the Plaintiffs' tort claims have been constructively denied as Defendants have had more than ninety (90) days to investigate the claim but have failed to respond in any manner.

79. A governmental agency is subject to vicarious liability for the torts of its officers, employees or agents while engaged in a non-governmental function or activity, during the course of employment and within the scope of authority.

80. The intentional use or misuse of the badge of governmental authority by its officers, employees or agents, for purposes unauthorized by law, is a non-governmental function or activity.

81. At all relevant times herein, the Defendant Jail Officers were employees of the CLARK COUNTY SHERIFF, acting in the course and scope of their employment. As such, the

CLARK COUNTY SHERIFF is liable for the negligent acts of his employees under the doctrine of *respondeat superior*.

82. Additionally, the CLARK COUNTY SHERIFF negligently hired, supervised, and retained the Defendant Jail Officers when he knew, or should have known, that said Jail Officers were not properly trained and were otherwise unfit for service.

83. Additionally, the CLARK COUNTY SHERIFF negligently failed to adequately staff the Jail.

84. Plaintiffs' injuries and damages were due to the negligence of the CLARK COUNTY SHERIFF and the other Defendants, who failed to provide adequate supervision and security to protect Plaintiffs from being damaged as outlined herein.

85. Defendants negligently inflicted emotional distress upon the Plaintiffs, causing them injuries and damages.

86. As a direct and proximate result of the wrongful acts and omissions of the Defendants as described herein, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

## Count V – Claim for Intentional Infliction of Emotional Distress Against the Defendant Jail Officers

87. Plaintiffs hereby incorporate by reference paragraphs 1 through 86 of their Complaint for Damages and Jury Demand as if fully set forth herein.

88. Defendants' conduct was so extreme, outrageous, intentional and reckless so as to cause severe emotional distress to Plaintiffs.

89. Defendants' conduct constitutes the tort of intentional infliction of emotional distress against Plaintiffs.

90. As a direct and proximate result of the wrongful acts and omissions of Defendants as described herein, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

**WHEREFORE,** Plaintiffs request the following relief:

a. An award of compensatory damages based on Plaintiffs' 42 U.S.C. § 1983 claims for the violation of their constitutional rights;

b. An award of punitive damages against the individual Defendant Jail Officers based on Plaintiffs' 42 U.S.C. § 1983 claims to punish those Defendants for their callous or reckless indifference to Plaintiffs' constitutional rights;

c. An award of compensatory damages, including all damages allowed by Indiana law, for Plaintiffs' state law claims;

d. An award of attorney fees and costs pursuant to 42 U.S.C. § 1988;

e. Trial by jury; and

f. All other relief just and proper in the premises.

Respectfully submitted,

**WAGNER REESE, LLP**

*/s/ Stephen M. Wagner*
Stephen M. Wagner, #18248-49
Laura W. Swafford, #32792-29
11989 North Meridian Street, Suite 100
Carmel, IN 46032
Tel: (317) 569-0000 / Fax: (317) 569-8088
Emails: swagner@wagnerreese.com
lswafford@wagnerreese.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Come now the Plaintiffs, by counsel, and hereby demand trial by jury against the Defendants on all issues set forth in this cause of action.

Respectfully submitted,

**WAGNER REESE, LLP**

*/s/ Stephen M. Wagner*
Stephen M. Wagner, #18248-49
Laura W. Swafford, #32792-29
*Attorneys for Plaintiffs*